UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RIVERA, et al.,<br><br>　　　　Defendants. | No.  1:24-cv-00261-KES-BAM (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>Doc. 9 |

Plaintiff Cornel Jackson is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

On October 2, 2024, the assigned magistrate judge screened plaintiff's first amended complaint, Doc. 7 ("FAC"), and found that plaintiff stated a cognizable claim against defendants Joe Martinez, Cpl. Gill, and Cortes for retaliation in violation of the First Amendment and against defendants Joe Martinez, Cpl. Gill, and Cortes for violation of the Equal Protection Clause of the Fourteenth Amendment.  Doc. 9.  The magistrate judge further recommended that all other claims and defendants be dismissed based on plaintiff's failure to state claims upon which relief may be granted.  *Id.*  The findings and recommendations were served on plaintiff and contained notice that any objections were to be filed within fourteen days after service.  *Id.*  On October 16, 2024, plaintiff timely filed objections to the findings and recommendations.  Doc. 10.  In accordance

1

1   with 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case.

2        Plaintiff objects to the dismissal of his supervisory liability claims against defendants
3   Tyson Pouge, Esteves, Sgt. Rivera, Cpt. Rodriguez, Cpl. Schmalls, and Cpl. Gill, and his access
4   to courts claim against all defendants.  For the reasons stated in the findings and
5   recommendations, the Court does not find plaintiff's objections to be persuasive as to defendants
6   Tyson Pouge, Esteves, and Cpt. Rodriguez, or with respect to his access of courts claim as to the
7   defendants.  However, the Court does find that plaintiff's FAC states a cognizable claim against
8   Sgt. Rivera and against Cpl. Schmalls for retaliation in violation of the First Amendment and for
9   a violation of the Equal Protection Clause.

10       Plaintiff alleges that Sgt. Rivera "direct[ed] defendants Cpl. Gill, Cpl. Schmalls, Joe
11  Martinez, and Cortes to search his dormitory," and that the search was "initiated immediately
12  after settling a civil rights action for retaliation cell searches" in which Sgt. Rivera was a
13  defendant. FAC at 5.  Plaintiff alleges Cpl. Schmalls accompanied defendants Joe Martinez, Cpl.
14  Gill, and Cortes during the search.  Joe Martinez, Cpl. Gill and Cortes allegedly "advised the
15  plaintiff and his dormmates that the plaintiff's litigations were the cause of the search." *Id.* at 4.
16  Plaintiff also alleges that Cpl. Schmalls "acknowledged that [his] decisions [to search plaintiff's
17  cell and confiscate his writing supplies] were going to cause prejudice[] from plaintiff missing his
18  deadline," and that Cpl. Schmalls responded "[I] don't care." *Id*. at 5.  Such assertions
19  sufficiently state circumstantial evidence to allege that Sgt. Rivera, in directing the search, and
20  Cpl. Schmalls, in executing the search, also acted with a retaliatory purpose. *See Pratt v.*
21  *Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("[T]iming can properly be considered as
22  circumstantial evidence of retaliatory intent."); *see also Bruce v. Ylst*, 351. F.3d 1283, 1288 (9th
23  Cir. 2003) (reversing grant of summary judgment as to retaliation claim due to "suspect timing of
24  the validation [investigation]—coming soon after [plaintiff's] success in the prison conditions
25  grievances."); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310 (9th Cir. 1989) (reversing grant
26  of summary judgment as to retaliation claim due to suspicious timing and nature of suspension of
27  county permits).
28  ///

1  Regarding plaintiff's other objections, plaintiff's argument that the confiscation of his writing supplies during the cell search caused him actual harm when he missed a filing deadline in Case No. 1:19-cv-01591-EPG, is unpersuasive. The judge in that action found the same arguments unpersuasive in finding that one search of plaintiff's jail cell on one occasion, three days before a deadline that afforded plaintiff almost three months to produce his late discovery, could not excuse plaintiff's delay. Order on Motions in Limine at 7, *Jackson v. Quick*, Case No. 1:19-cv-01591-EPG (E.D. Cal. Mar. 7, 2024), ECF No. 192. Contrary to plaintiff's assertions, plaintiff's proposed trial evidence was excluded in that case not due to his lack of writing materials, but due to plaintiff's failure to timely disclose pertinent discovery to the opposing party. *Id.*

Accordingly,:

1. The findings and recommendations issued on October 2, 2024, Doc. 9, are adopted in part;
2. This action shall proceed on plaintiff's first amended complaint, filed September 13, 2024, Doc. 7, against defendants Joe Martinez, Cpl. Gill, Cortes, Cpl. Schmalls, and Sgt. Rivera for retaliation in violation of the First Amendment and for violation of the Equal Protection Clause of the Fourteenth Amendment;
3. All other claims and defendants are dismissed from this action for failure to state claims upon which relief may be granted; and
4. This action is referred back to the magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   July 11, 2025

UNITED STATES DISTRICT JUDGE

3