# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNEL JACKSON, | Case No.  1:24-cv-00261-FRS (PC) |
| Plaintiff, | ORDER REQUIRING DEFENDANT CORTES TO REIMBURSE UNITED STATES MARSHAL FOR COSTS INCURRED IN EFFECTING PERSONAL SERVICE |
| v. | |
| RIVERA, *et al.*, | (ECF Nos. 23, 28) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Cornel Jackson ("Plaintiff") is a pretrial detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's first amended complaint against Defendants Joe Martinez, Cpl. Gill, Cortes, Cpl. Schmalls, and Sgt. Rivera ("Defendants") for retaliation in violation of the First Amendment and for violation of the Equal Protection Clause of the Fourteenth Amendment.  All parties have consented to Magistrate Judge jurisdiction.  (ECF No. 29.)

On August 13, 2025, the Court ordered the United States Marshal to initiate service of process on Defendants.  (ECF No. 16.)  The Marshal was directed to attempt to secure a waiver of service before attempting personal service on a defendant.  If a waiver of service was not returned by a defendant within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any

1

attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

On November 5, 2025, the United States Marshal filed a return of service USM-285 form showing charges of $105.20 for effecting personal service on Defendant Cortes.  (ECF No. 23.) The form shows that a waiver of service form was mailed to Defendant Cortes on August 12, 2025.  (*Id.*)  Defendant Cortes, together with the other named Defendants, filed a first amended answer on November 21, 2025.  (ECF No. 24.)

Pursuant to the Court's Order, Defendant Cortes was required to return the waiver to the United States Marshal and the filing of an answer or a motion does not relieve them of this obligation. Defendant Cortes did not return a waiver, which resulted in the execution of personal service on November 5, 2025. (ECF No. 23.)

On December 1, 2025, the Court provided Defendant Cortes with the opportunity to show good cause for failing to waive service.  (ECF No. 28.)  Defendant Cortes was directed to show good cause in writing for failing to waive service or to reimburse the $105.20 in costs incurred in effecting personal service by sending payment to the United States Marshals Service.  (*Id.*) Defendant Cortes was warned that failure to respond to the Court's order or the filing of a response that failed to show good cause would result in the Court imposing the costs incurred in effecting service.  (*Id.*)  Defendant Cortes has not responded to the Court's order, and the December 31, 2025 deadline to do so has expired.  Therefore, the Court finds it appropriate to require Defendant Cortes to reimburse the United States Marshals Service for the expenses incurred in making service.  Fed. R. Civ. Pro. 4(d)(2)(A).

Accordingly, it is HEREBY ORDERED as follows:

1. Within **thirty (30) days** from the date of service of this order, Defendant Cortes SHALL:

    a. Reimburse the United States Marshals Service the **$105.20** in costs incurred in effecting personal service by sending payment to the United States Marshals Service at 501 I Street, Suite 5600, Sacramento, CA 95814, with the case number for this action clearly indicated; and

    b. File a notice with the Court confirming that such payment has been made; and

2. The Clerk's Office shall serve a copy of this order on the Sacramento Division of the United States Marshals Service.

IT IS SO ORDERED.

Dated:   **January 14, 2026**                    /s/ *Barbara A. McAuliffe*                  _
                                                 UNITED STATES MAGISTRATE JUDGE

3